IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| REYNALDO UBALLE, JR., and EL TORRO INVESTMENTS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APRIL LIEBERMAN, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No.: 1:23-mc-00003-JDB ) ) ) ) ) ) ) ) |

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DIRECTING CLERK TO ISSUE WRIT OF EXECUTION ON BEHALF OF PLAINTIFFS

INTRODUCTION

Before the Court is the May 2, 2023, motion of pro se Defendant, April Lieberman, seeking to vacate, pursuant to Federal Rule of Civil Procedure 60(b), the default judgment obtained by Plaintiffs, Reynaldo Uballe, Jr., and El Torro Investments LLC, in the United States District Court for the Northern District of Georgia (the "Georgia Court") and registered in this Court pursuant to 28 U.S.C. § 1963. (Docket Entry "D.E." 11.) For the reasons set forth below, Defendant's motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2021, Plaintiffs filed a complaint in the Georgia Court against Defendant alleging a variety of claims including breach of contract. (D.E. 13-2.) On December 29, 2021, Uballe and El Torro sought a clerk's entry of default. (*Id.*) The Clerk entered a default against Lieberman on December 30, 2021, and on January 18, 2022, Plaintiffs moved for default judgment.

(*Id.*)  Pursuant to Federal Rule of Civil Procedure 55(a), the Georgia Court entered default judgment on February 10, 2022, and awarded Plaintiffs $114,788.61 in monetary relief.  (D.E. 13-3.)  Fifteen days later, Defendant first appeared and filed several motions including a request to set aside the default judgment. (D.E. 13-2.)  After Plaintiffs responded, the Georgia Court denied Defendant's motions on July 29, 2022.  (D.E. 13-4.)

On August 26, 2022, Lieberman moved for reconsideration of the Georgia Court's July 29 ruling, an order setting aside default judgment, dismissal of the case for lack of subject matter jurisdiction, an extension of time to file her answer, sanctions against Plaintiffs' counsel and recusal of the Georgia Court judge.  (D.E. 13-2.)  On September 7, Plaintiffs were ordered to show cause why the Georgia Court should not open the default and dismiss the case for lack of subject matter jurisdiction.  (*Id.*) Plaintiffs responded to the show cause order on September 19, 2022, and to Defendant's motion on October 27, 2022. (*Id.*) The Georgia Court denied on February 2, 2023, Liberman's motion in its entirety and found that it did not lack subject matter jurisdiction.  (D.E. 13-5.)

Plaintiffs commenced the present action on February 15, 2023, by registering the judgment and applying for a writ of execution in this Court.  (D.E. 1, 8.)

## ANALYSIS

Defendant seeks to have the entry of default set aside and the default judgment vacated pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), (4), and (6) which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic),

2

>     misrepresentation, or misconduct by an opposing party;
>         (4) the judgment is void;
>         (5) the judgment has been satisfied, released, or discharged; it is based on
>     an earlier judgment that has been reversed or vacated; or applying it prospectively
>     is no longer equitable; or
>         (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Georgia Court ("rendering court") entered the judgment which has been registered in this Court ("registering court") pursuant to 28 U.S.C. § 1963 which provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.

Lieberman first argues, pursuant to Rule 60(b)(4), that the default judgment is void for lack of subject matter jurisdiction as the parties are not fully diverse. (D.E. 11-1 at PageID 34-38). She next seeks relief pursuant to Rule 60(b)(1), (b)(3), and (b)(6) noting Plaintiffs' failure to file financial disclosures, insufficient service, Plaintiffs' failure to file a competency or Servicemembers Civil Relief Act affidavit, lack of notice and a proper hearing, and errors in the Georgia Court's "quantum meruit analysis[.]" (*Id.* at PageID 38-45.) She additionally points to Rule 62 and disputes the timeliness of the writ of execution filed in the Georgia Court (*Id.* at PageID 45-46) and the Georgia Court's excusable neglect analysis. (*Id.* at PageID 46-50.)

In response, Plaintiffs aver that most of Lieberman's arguments were raised before the Georgia Court and were fully adjudicated. (D.E. 13-1.) Next, they assert that any new argument

3

could have been brought before the Georgia Court denied Lieberman's motion for reconsideration on February 2, 2023. (*Id.*) Third, Defendant has not appealed the Georgia Court's judgment to the Eleventh Circuit Court of Appeals. (*Id.*) Finally, and most relevant here, she has not brought a subsequent motion to vacate before the Georgia Court after filing the instant motion. (*Id.*)[1] Neither party, however, addresses the threshold question of "whether a defendant may attack, before a registering court, a default judgment rendered in another jurisdiction on the grounds that the rendering court lacked subject matter jurisdiction" and on other grounds provided in Rule 60(b) of the Federal Rules of Civil Procedure. *Best Western Int'l., Inc. v. Super Sunrise, LLC*, 710 F. Supp. 2d 613, 614-15 (E.D. Ky. 2008).

"Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering the judgment." *Id.* (quoting *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980)). Some courts have held that the registering court has jurisdiction to hear a Rule 60(b) motion challenge to the judgment of the rendering court in limited circumstances. *See generally* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2865 (3d ed. 2023). The Sixth Circuit has not addressed this question but has determined that "registration under § 1963 is the equivalent of a new judgment," and that "the statue must imply similar inherent powers to the registering court to enforce those judgments." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002). "It follows that, if the registering court has the same powers as the rendering court to enforce the judgment, it would also possess the same power to vacate the judgment under Rule

---

[1] In Lieberman's supporting memorandum, she claims that she "is filing separately a Rule 60(b) Motion with the Georgia District Court." (D.E. 11-1 at PageID 51 n.26). As of June 6th, 2023, no such document has been filed in the Georgia Court.

60(b)(4)" and perhaps other subsections. *Best Western Int'l., Inc.*, 710 F. Supp. 2d at 617. Indeed, district courts within this Circuit have concluded that a registering court may vacate the judgment of a rendering court under Rule 60(b)(4). *See id.* at 617-18; *cf. Cent. States Se. v. Cuyahoga Dairy, Inc.*, No. 1:15-MC-00041, 2015 WL 6444897, at *2 (N.D. Ohio Oct. 23, 2015) (declining to hear a Rule 60(b)(4) challenge to a foreign judgment but noting that it may have the authority to review personal jurisdiction).

This approach is the majority view. Seven other Circuit Courts of Appeal have held or stated in dicta that a registering court may grant relief from a rendering court's judgment when the request is based on Rule 60(b)(4). *See Jakks Pac., Inc. v. Accasvek LLC*, 727 F. App'x 704 (D.C. Cir. 2018) (affirming the lower court's holding that a registering court may vacate a rendering court's default judgment as void under Rule 60(b)(4) for lack of subject matter jurisdiction); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255-59 (3d Cir. 2008) (holding that a registering court may hear a Rule 60(b)(4) motion challenging a rendering court's personal jurisdiction but may hear a Rule 60(b)(6) motion only under "extraordinary circumstances"); *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001) ("[R]egistering courts may use Rule 60(b)(4) to sustain jurisdictional challenges to default judgments issued by another district court."); *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) (holding that a registering court could consider whether a rendering court's judgment was void under Rule 60(b) for a due process violation); *Morris ex rel. Rector v. Peterson*, 759 F.2d 809, 811 (10th Cir. 1985) (holding that a registering court could grant relief when a rendering court lacked personal jurisdiction); *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, 249-252 (1st Cir. 1982) (stating that a registering court may entertain a Rule 60(b) motion if it is based on grounds that could support an independent

equitable action or made under 60(b)(4) for lack of personal jurisdiction); *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733-34 (2d Cir. 1980) (holding that a registering court could hear whether a rendering court lacked personal jurisdiction). Only the Seventh Circuit has ruled that the registering court may not vacate the judgment of the rendering court under any provision of Rule 60(b). *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000).

The circuits have counseled, however, that given concerns of judicial comity, efficiency, and consistency, registering courts should be hesitant to entertain Rule 60(b) motions challenging judgments from rendering courts. *See, e.g.*, *Budget Blinds, Inc.*, 536 F.3d at 253-54; *Harper Macleod Solics.*, 260 F.3d at 395; *Indian Head Nat'l Bank*, 689 F.2d at 249. "Where the 60(b) motion is for relief from a default judgment," these concerns are diminished and registering courts are more likely to entertain challenges to foreign judgments. *Covington Indus., Inc.*, 629 F.2d at 733; *see also Indian Head Nat'l Bank*, 689 F.2d at 251 n.10; *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 197 (D.D.C. 2017) (citing *On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc.*, 245 F.R.D. 213, 221-23 (E.D. Pa. 2007), *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018). Additionally, most Rule 60(b)(4) challenges to foreign judgments have alleged that the judgment is void for lack of personal jurisdiction and not subject-matter jurisdiction; though, courts hearing a subject-matter jurisdiction challenge have employed a similar analysis. *See Jakks Pac., Inc.*, 270 F. Supp. 3d at 197-98; *On Track Transp., Inc.*, 245 F.R.D. at 222. Finally, "where the rendering court actually decided the issue that is later raised on a 60(b) motion, the registering court is likely to be bound by the law of the case or issue preclusion, and the parties might be estopped from raising certain arguments." *Jakks Pac., Inc.*, 270 F. Supp. 3d at 197 (first citing *Practical*

*Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1547 (D.C. Cir. 1987); then citing *On Track Transp., Inc.*, 245 F.R.D. at 221)).

Therefore, following the approach of the majority of courts that have considered the issue, this Court has the authority to entertain a Rule 60(b) motion challenging the default judgment rendered by another district court and registered in this Court pursuant to 28 U.S.C. § 1963. Still, while this Court has the authority to vacate a default judgment rendered in another district, courts have displayed hesitance to do so opting more often to defer to the rendering court. *See, e.g.*, *Indian Head Nat'l Bank*, 689 F.2d at 249 ("Courts of registration presented with Rule 60(b) motions have themselves shown a marked reluctance to entertain them, generally deferring to the rendering courts."); *Budget Blinds, Inc.*, 536 F.3d at 253-54 (adopting the reasoning of other circuits and concluding "that Rule 60(b) motions (other than motions under Rule 60(b)(4)) should generally be raised in the rendering court"); *Best Western Int'l, Inc.*, 710 F. Supp. 2d at 617 ("[A] district court in which the judgment is registered is well within its discretion to refer a Rule 60(b)(4) motion back to the rendering court.")

In light of the above and for the following reasons, deference to the Georgia Court is appropriate here as well. As Plaintiffs note, Lieberman's Rule 60(b)(4) argument regarding subject matter jurisdiction and her argument regarding the Georgia Court's excusable neglect analysis have both been fully and fairly litigated in the Georgia Court; as such, the principles of collateral estoppel require deference. (D.E. 13-1 at PageID 123); *See generally FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 285 (6th Cir. 2018) (citing *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009)). Furthermore, Lieberman's arguments made pursuant to Rule 60(b)(1), (b)(3), (b)(6) and Rule 62 could have been raised before the Georgia

Court.  Thus, the interests of comity among district courts and efficient judicial administration counsel deference.  Although Lieberman challenges a default judgment, the Georgia Court has already entertained two Rule 60(b) motions from her and thus has a "greater understanding of the facts." *Budget Blinds, Inc.*, 536 F.3d at 254 n.11 (citing *Indian Head Nat'l Bank*, 689 F.2d at 248); *see also Covington Indus., Inc.*, 629 F.2d at 733.  Additionally, when registering courts have granted relief from the rendering court's judgment pursuant to Rule 60(b), they have done so only under subsection (b)(4) where the judgment is void for lack of jurisdiction.  *See, e.g.*, *Jakks Pacific, Inc.*, 270 F. Supp. 3d at 199-200; *On Track Transp., Inc.*, 245 F.R.D. at 225; *cf. Indian Head Nat'l Bank*, 689 F. 2d at 251-52 (holding that a registering court may entertain a Rule 60(b) motion only if it is based on grounds that could support an independent equitable action or made under 60(b)(4) for lack of personal jurisdiction).  Thus, if Lieberman wishes to challenge the Georgia Court's judgment, she may do so by filing a Rule 60(b) motion in that court.

Defendant's motion to vacate the Georgia default judgment and set aside default is therefore DENIED.  The Clerk is DIRECTED to issue the writ of execution applied for at D.E. 8.

IT IS SO ORDERED this 6th day of June 2023.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE