IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| REYNALDO UBALLE, JR., and EL TORRO INVESTMENTS LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| APRIL LIEBERMAN, | ) ) |
| Defendant. | ) ) |

Case No. 1:23-mc-00003-JDB

## ORDER DENYING MOTION TO STAY & DIRECTING THE CLERK TO ENTER DEFENDANT'S NOTICE OF APPEAL

Before the Court is the August 7, 2023, motion of Defendant, April Lieberman, who is proceeding pro se, seeking to stay proceedings and writs of execution issued by the Court pending resolution of a motion filed in the United States District Court for the Northern District of Georgia. (Docket Entry "D.E." 24.)  In the alternative, Defendant seeks entry of her attached notice of appeal.  (*Id.* at PageID 237.)

Given the lengthy history relevant to the present motion, some background is helpful.  On November 11, 2021, Plaintiffs, Reynaldo Uballe, Jr., and El Torro Investments LLC, filed a complaint in the United States District Court for the Northern District of Georgia (the "Georgia Court") against Defendant alleging a variety of claims including breach of contract.  (D.E. 13-2.) On December 29, 2021, Uballe and El Torro sought a clerk's entry of default.  (*Id.* at PageID 132.) The Clerk entered a default against Lieberman on December 30, 2021, and on January 18, 2022, Plaintiffs moved for default judgment.  (*Id.*)  Pursuant to Federal Rule of Civil Procedure 55(a), the Georgia Court entered default judgment on February 10, 2022, and awarded Plaintiffs $114,788.61 in monetary relief.  (D.E. 13-3.)  Fifteen days later, Defendant first appeared and filed

several motions including a request to set aside the default judgment. (D.E. 13-2 at PageID 132.) After Plaintiffs responded, the Georgia Court denied Defendant's motions on July 29, 2022. (D.E. 13-4.)

On August 26, 2022, Lieberman moved for reconsideration of the Georgia Court's July 29 ruling, an order setting aside default judgment, dismissal of the case for lack of subject matter jurisdiction, an extension of time to file her answer, sanctions against Plaintiffs' counsel and recusal of the Georgia Court judge. (D.E. 13-2 at PageID 133.) On September 7, Plaintiffs were ordered to show cause why the Georgia Court should not open the default and dismiss the case for lack of subject matter jurisdiction. (*Id.*) Plaintiffs responded to the show cause order on September 19, 2022, and to Defendant's motion on October 27, 2022. (*Id.*) The Georgia Court denied on February 2, 2023, Lieberman's motion in its entirety and found that it did not lack subject matter jurisdiction. (D.E. 13-5.)

Plaintiffs commenced the present action on February 15, 2023, by registering the judgment pursuant to 28 U.S.C. § 1963 and applying for a writ of execution in this Court. (D.E. 1, 8.) On May 2, 2023, Defendant moved to vacate the default judgment issued by the Georgia Court. (D.E. 11.) The Court denied her motion on June 6, 2023 (D.E. 14) and issued the writ of execution. (D.E. 15.) Lieberman then filed a motion to stay the writ of execution and proceedings before the Court pending resolution of a renewed motion to vacate that she filed in the Georgia Court. (D.E. 16.) Because Lieberman's motion failed to include a certificate of consultation as required by Local Rule 7.2, her motion was denied without prejudice on July 5, 2023, and she was given one week to file a compliant motion. (D.E. 18.) The Court issued a second writ of execution (D.E. 19) and Defendant filed a certificate of consultation without a renewed motion six days after the deadline. (D.E. 20.) Because there was no pending motion before the Court, a third writ of

2

execution was issued. (D.E. 23.) Lieberman then filed the present motion which largely rehashes the same arguments she raised in the first motion to stay. She cites no legal authority for her requests and recites the same factual information contained in her motion to vacate. Still, "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiffs point to Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8 to support their argument that the Court should deny Defendant's motion because she "has not posted a bond nor any other appropriate security in order to justify the request for a stay." (D.E. 25 at PageID 240.)

A judgment properly registered pursuant to 28 U.S.C. § 1963 will be "treated as if it were a judgment of the court of registration . . . . Following registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution." *United States v. Palmer*, 609 F. Supp. 544, 547–48 (E.D. Tenn. 1985). Furthermore, Federal Rule of Civil Procedure 69 "requires an enforcing court to 'accord with the procedure of the state where the court is located' unless a federal statute provides an alternative procedure." *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir. 2012) (quoting Fed. R. Civ. P. 69(a)); *see also Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) ("We conclude that judgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state."). Because the default judgment rendered by the Georgia Court has been registered here, the judgment must be enforced in accordance with the laws of Tennessee.

Thus, Tennessee Rule of Civil Procedure 62.04, which largely mirrors Federal Rule of Civil Procedure 62(b), is applicable and states: "Except as otherwise provided in Rule 62.01, when an appeal is taken the appellant by giving a bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the bond is approved by the

3

court."  Tenn. R. Civ. P. 62.04; *see also* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.").  In a similar case, the Eastern District of Tennessee considered whether a defendant seeking to stay execution of a foreign judgment properly registered in accordance with § 1963 was entitled to a stay pursuant to Tennessee Code Annotated § 26-6-106.  *J M Smith Corp. v. Cherokee Pharmacy & Med. Supply, Inc.*, No. 1:17-MC-6-HSM-SKL, 2017 WL 1284841, at *3 (E.D. Tenn. Apr. 5, 2017).  The court concluded that Tennessee Rule of Civil Procedure 62.04 rather than Tennessee Code Annotated § 26-6-106 was applicable and thus "the filing of a notice of appeal, without more, does not stay execution of the judgment" and that "[i]n order to obtain a stay of execution, Appellants must move the trial court for a stay *and give an appropriate bond*." *Id.* (quoting *Christmas v. Moore*, No. 03A01-9705-CV-00188, 1998 WL 372431, at *3 (Tenn. Ct. App. July 6, 1998)).  Applying that rule, the court denied the defendant's motion for a stay for failure to post a supersedeas bond.  *Id.* at *4.

      Because Defendant fails to cite any legal authority to support her request for a stay of execution and does not indicate what property she intends to post as a bond or security, her motion is DENIED.  The Clerk is therefore DIRECTED to enter Lieberman's attached notice of appeal.

      IT IS SO ORDERED this 16th day of August 2023.

                                                              s/ J. DANIEL BREEN
                                                              UNITED STATES DISTRICT JUDGE