IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| REYNALDO UBALLE, JR., and EL TORRO INVESTMENTS LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) ) ) |
| APRIL LIEBERMAN, | |
| Defendant. | |

Case No. 1:23-mc-00003-JDB

ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION

Before the Court is the August 28, 2023, emergency motion of Defendant, April Lieberman, pursuant to Federal Rule of Civil Procedure 62(b), for a stay of the writs of execution to enforce a foreign judgment previously issued by this Court. (Docket Entry ("D.E.") 30.) For the following reasons, Defendant's motion is DENIED.

On August 16, 2023, the Court denied Lieberman's previous motion for a stay for failing to cite any legal authority in support of her motion and neglecting to post the required bond or security.[1] (D.E. 26.) The undersigned granted Lieberman's request to file her notice of appeal related to this Court's prior denial of Defendant's motion to vacate the default judgment entered against her by the United States District Court for the Northern District of Georgia ("Georgia Court"). (D.E. 14.) The Clerk entered the notice of appeal on August 17. (D.E. 27.) Defendant now moves again to stay enforcement of the writs of execution while claiming that she will "put[] forth four of her individually-owned, mortgage free parcels of real estate" as security for the stay. (D.E. 30 at PageID 256.) Lieberman requests the stay to be effective until the Georgia Court

---

[1] The Court has recounted the facts in detail in a previous order. (*See* D.E. 26 at PageID 245–47.)

adjudicates her pending motion to vacate the default judgment against her.  *See El Torro Investments, LLC v. Lieberman*, No. 1:21-cv-04679-MHC (N.D. Ga. June 30, 2023), D.E. 32.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).  According to the Advisory Committee Notes, this provision "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." *Id.* advisory committee's note to 2018 amendment.  Under the former Rule 62(d), a litigant was entitled to a stay of enforcement after posting a valid, full supersedeas bond approved by the court.  *See Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 350–51 (E.D. Mich. 1998); *Allied Erecting & Dismantling Co. v. U.S. Steel Corp.*, No. 4:12-cv-1390, 2016 WL 1106854, at *14–15 (N.D. Ohio Mar. 21, 2016); *EB-Bran Prods., Inc. v. Warner Elektra Atlantic, Inc.*, No. 03-75149, 2006 WL 1851010, at *2 (E.D. Mich. July 5, 2006).  The purpose of former Rule 62(d)'s supersedeas bond requirement was to "preserve[] the status quo while also protecting the appellee's rights." *Hamlin*, 181 F.R.D. at 351.

While a court was permitted under former Rule 62(d) to waive the bond requirement, courts only did so for "extraordinary circumstances" and otherwise "generally require[d] that a full supersedeas bond be posed before a stay [would] issue under Rule 62(d)." *EB-Bran Prods., Inc.*, 2006 WL 1851010, at *2 (citing *Hamlin*, 181 F.R.D. at 353).  Courts have denied stays where litigants have offered alternative collateral for surety, such as real estate or personal property, when the court could not confidently ascertain the value of the property to be used as surety to confirm it was sufficient to satisfy the judgment.  *See Allied Erecting & Dismantling Co.*, 2016 WL 1106854, at *19.  Finally, this Court has recently recognized that Rule 62(b) is not discretionary if

a litigant provides a *valid supersedeas bond*. See *Porter v. AAR Aircraft Servs., Inc.*, No. 2:15-cv-02780-JTF-tmp, 2019 WL 13171975, at *1 (W.D. Tenn. Feb. 19, 2019) (emphasis added).

Here, Lieberman's instant motion is still not supported by an appropriate bond or surety. Defendant purports to show, through tax notices from the Trustee of Weakley County, Tennessee, that the properties she offers as surety are sufficiently valuable to satisfy Plaintiffs' judgment against her should she not prevail on her motion to vacate in the Georgia Court.[2] (D.E. 30 at PageID 264.) Lieberman fails to demonstrate, beyond her own conclusory statements, that these properties are unencumbered or are actually worth the stated values. (*Id.*) Therefore, Defendant has failed to post a valid supersedeas bond, and the Court cannot confidently ascertain the value of the alternative surety she proposes.

CONCLUSION

For the foregoing reasons, Lieberman's motion for an emergency stay (D.E. 30) is DENIED.

IT IS SO ORDERED this 30th day of August 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] The Georgia Court has denied two previous motions to vacate brought by Lieberman. See *El Torro Investments, LLC*, No. 1:21-cv-04679-MHC, D.E. 16, 25.